CASE 56—PETITION EQUITY—NOVEMBER 28.

# The People's Mutual Insurance Fund v. Bricken.

APPEAL FROM WASHINGTON CIRCUIT COURT.

INSURANCE.—RESCISSION OF CONTRACT.—An insurance company doing business upon the assessment plan had no right, without the consent of its members, to abandon that plan and adopt the "straight insurance" system, and the company having induced some of its members to abandon their certificates in the old company and accept certificates in the new company, members who have not accepted insurance in the new company have a right to a rescission of their contracts and to recover the dues they have paid, the company having violated its contract by lessening its membership and thus reducing the fund to which its members had to look for performance of their contracts.

W. C. MCCHORD FOR APPELLANT.

Although the plan of insurance is changed from "assessment" to "straight insurance," without the consent of the insured, he is not entitled to recover anything on his policy, nor has the agent of the company any power to bind the company outside of the expressed limits of his agency.

J. W. S. CLEMENTS FOR APPELLEE.

No brief in the record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant was organized as a mutual insurance society under an act of the Kentucky Legislature, approved April, 1884. The appellees each became members of the society and were insured by it. They, there-

after, instituted these two actions against the appellant to rescind the contracts of insurance and to recover back the sums paid to appellant as dues, etc., upon the ground that the appellant had violated its contracts with them. The lower court having granted the relief sought the appellant has appealed.

By the terms of the certificates delivered to each of the appellees the appellant agreed to pay to the wife of each one of the insured one thousand dollars upon his death, provided the division in which the insured was registered was full; if not, then one-fifth of one assessment for each member in said division in good standing at the date of the death of the insured. The appellant also agreed, by coupons attached, to pay to the insured, if living, one thousand dollars four years after the date of the certificate, and a like sum every four years thereafter until the sum of five thousand dollars was paid. By the charter and by-laws the funds out of which the appellant's liability arose in case of the death of a member or upon the maturity of the endowment coupons, was confined to admission fees, quarterly and annual dues and assessments made, when a member died, upon the survivors. It is to be observed that under said charter no assessment upon the members could be made except upon the death of a member, and the fund arising from the assessment was to be distributed one-fifth to the beneficiary of the dead member, and the other four-fifths was to be set apart to the permanent or endowment fund, and no other assessments could be made for the benefit of the endowment fund. The foregoing is the plain meaning of the charter. The appellant soon found that the funds it was authorized to raise to meet the endowments or coupons as they

fell due were inadequate for that purpose, and without the knowledge or consent of the appellees obtained an act of the Legislature authorizing it to abandon its endowment system and adopt that of the " straight insurance system." After procuring this change it set about to induce its members to surrender their old certificates for insurance in the new company, and it did induce many to make the change, and others it paid for a surrender of their certificates. The appellees declining to surrender their certificates for new insurance or to sell them or to pay the assessments under the endowment system, their membership was declared forfeited. They brought these actions to rescind their contracts with the appellant and to recover back the dues paid by them. It seems to us that their cause is just.

They had binding contracts with the appellant, which the appellant had no power to change or abandon without their consent, and to a change of which it is clear they did not consent. The appellant not only had no right to change the contract without their consent, but it was its duty to perform the contract in good faith, and to intentionally and knowingly do no act that would in any wise impair its performance; and for it to induce others to abandon their contracts with it and thereby lessen the membership and reduce the funds to which the appellees, by the terms of their contracts, had to look for a compliance with the terms and conditions of their contracts of insurance was such a breach of contract on the part of appellant as absolved the appellees from all obligations thereon, and which entitled them to recover back the consideration paid thereon.

The judgment is affirmed.